IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| CAROLYNE M. LIVINGSTON, | ) |
| Plaintiff, | ) Case No. 04-926-HO |
| v. | ) ORDER |
| Commissioner of Social Security, | ) |
| Defendant. | ) |

Plaintiff brings this proceeding pursuant to section 205(g) of the Social Security Act (the Act), as amended, 42 U.S.C. § 405(g), to obtain judicial review of the Commissioner's final decision denying plaintiff's application for disability benefits. Plaintiff asserts disability based on reflex sympathetic dystrophy (RSD), migraine headaches, depression, back and neck pain, and irritable bowel syndrome. After a hearing, an administrative law judge (ALJ) determined that plaintiff is not disabled.

1 - ORDER

Plaintiff contends the ALJ erred in:

1. failing to identify depression, degenerative disc disease and other impairments of the spine, and irritable bowel syndrome as severe impairments from which plaintiff suffers;

2. improperly rejecting plaintiff's testimony;

3. improperly rejecting plaintiff's treating neurologist's opinion;

4. failing to include all of plaintiff's limitations in the vocational hypothetical upon which the ALJ relied; and

5. failing to find disability at least as of November 5, 2000, based on the ALJ's own findings.

I. Failure to Identify All Severe Impairments

The ALJ determined that plaintiff's severe impairments are RSD and headaches. The ALJ found plaintiff's depression, irritable bowel syndrome, and musculoskeletal problems non-severe. Tr. 23-24.

At step two of the disability inquiry, the ALJ must consider the combined effect of all of the plaintiff's impairments on her ability to function, without regard to whether each alone was sufficiently severe. See 42 U.S.C. § 423(d)(2)(B)(Supp. III 1991); Social Security Ruling 868 ("SSR 86-8"). See also SSR 85-28. Also, he is required to consider the claimant's subjective symptoms, such as pain or fatigue, in determining severity. SSR 88-13; 20 C.F.R. §

404.1529(d)(2)(effective 11/14/91) (adopting SSR 88-13). The step-two inquiry is a de minimis screening device to dispose of groundless claims. Bowen v. Yuckert, 482 U.S. at 153-54, 107 S.Ct. at 2297-98. An impairment or combination of impairments can be found "not severe" only if the evidence establishes a slight abnormality that has "no more than a minimal effect on an individual's ability to work." See SSR 85-28; Yuckert v. Bowen, 841 F.2d 303, 306 (9th Cir. 1988)(adopting SSR 85-28).

The ALJ rejected plaintiff's claims of depression as a severe impairment because "she has not sought treatment for it." However, not only is this an insufficient reason alone to reject the alleged impairment,[1] plaintiff did seek and obtain treatment in the form of antidepressant medications. A remand is necessary to fully determine the impact of plaintiff's depression on plaintiff's ability to work.

The ALJ rejected plaintiff's allegations of severe back and spine disorder because there is no "documentation of a back disorder, no recommendation from any physician for more than conservative treatment, and no diagnostic testing such as an MRI or CT scan showing any disorder of the back or spine." Tr. 24. However, as early as 1997, x-rays and a CT scan indicated "significant

---

[1] See Regennitter v. Commissioner, 166 F.3d 1294, 1299 (9th Cir. 1999) ("we have particularly criticized the use of a lack of treatment to reject mental complaints both because mental illness is notoriously underreported and because 'it is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation.'").

3 - ORDER

degenerative disc disease" of plaintiff's cervical spine at C2-3 and C3-4 as well as significant subluxation of C3 and C4 of 25 percent. Tr. 215, 220-21. Given that the ALJ failed to recognize and consider the radiological evidence of a back disorder, a remand is necessary for consideration of this evidence and whether plaintiff's back pain is severe.

Plaintiff presents some evidence of irritable bowel syndrome and other gastrointestinal impairments, but it does not appear the ALJ considered them even to make a finding of non-severity. Therefore, a remand is necessary to consider this impairment's severity.

Plaintiff also contends that the ALJ improperly found plaintiff's impairments of migraine headaches and RSD severe only after January of 2000. Upon remand, the Administration should consider the severity of these impairments both before and after January 2000.

## II. Plaintiff's Testimony

Plaintiff testified to limited functional capacity that would preclude the work (telemarketer) identified by the ALJ as work she could perform. Tr. 370-74, 388-89, 390-91, 394-95, 400-03. The ALJ rejected plaintiff's allegations generally. The ALJ found that plaintiff maintains good activities of daily living such as driving, visiting friends and family, household chores, riding a bike, and being the primary care-giver for a small child. The ALJ also

rejected plaintiff's credibility generally stating that she gave conflicting statements, exaggerated her symptoms, and that her allegations were unsupported by the objective medical record. Tr. 25.

In rejecting a claimant's testimony, the ALJ must perform a two stage analysis. Smolen v Chater, 80 F.3d 1273, 1281 (9th Cir. 1996). The first stage is the Cotton test. Under this test a claimant must produce objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged. All that is required of the claimant is that she produce objective evidence of an impairment or impairments and show that the impairment or impairments could produce some degree of the symptoms alleged. In addition, there must be no evidence of malingering. A claimant need not show that the impairments in fact did cause the symptoms. Id. at 1281-82. The claimant need not produce objective medical evidence of the symptoms themselves or their severity. Id. at 1282. Once a claimant produces evidence to meet the Cotton test and there is no evidence of malingering, then the analysis moves to the second stage.

In this case, plaintiff has produced objective medical evidence of an underlying combination of impairments that could produce the pain alleged. The ALJ found no evidence of malingering.

Under the second part of the analysis, the ALJ must analyze the credibility of a claimant's testimony regarding the severity of her

5 - ORDER

symptoms. The ALJ can reject a claimant's symptom testimony only if he makes specific findings, stating clear and convincing reasons for doing so. Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993). The ALJ cannot reject a claimant's symptom testimony solely because it is not fully corroborated by objective medical findings. Cotton v. Bowen, 799 F.2d 1403 (9th Cir. 1986).

In determining a claimant's credibility the ALJ may consider, for example:

> (1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities. . . . In evaluating the credibility of the symptom testimony, the ALJ must also consider the factors set out in SSR 88-13. . . . Those factors include the claimant's work record and observations of treating and examining physicians and other third parties regarding, among other matters, the nature, onset, duration, and frequency of the claimant's symptoms; precipitating and aggravating factors; functional restrictions caused by the symptoms; and the claimant's daily activities.

Smolen, 80 F.3d at 1284.

It is unclear which part of plaintiff's testimony the ALJ found to lack credibility. Moreover, the ALJ mis-characterizes plaintiff's daily activities as apparently supporting full-time work activity.[2] However, because the record demonstrates a need for periodic rest

---

[2]The ALJ also misstated the facts concerning plaintiff's activities such as providing primary care for a small child. Plaintiff only provided some help with her granddaughter and ceased childcare activities in 1999. Tr. 362, 370-72, 376-80.

6 - ORDER

after light work it is unclear if the plaintiff can maintain the sedentary job of telemarketer as found by the ALJ. Further consideration of plaintiff's testimony is necessary.

III. Treating Neurologist

Dr. Paul Ash opined that plaintiff is disabled by her upper extremity impairment. Tr. 273.

Where an ALJ chooses to disregard the opinion of a treating physician, he must set forth clear and convincing reasons for doing so if the treating physician's opinion is not contradicted by another doctor. Fife v. Heckler, 767 F.2d 1427, 1431 (9th Cir. 1985). If a treating physician's opinion is contradicted by another doctor and the ALJ wishes to disregard the opinion, the ALJ must set forth "specific, legitimate reasons for doing so that are based on substantial evidence in the record." Murray v. Heckler, 722 F.2d 499, 502 (9th Cir. 1983). To meet this burden the ALJ must set out a detailed analysis and thorough summary of the facts and conflicting clinical evidence, state his interpretation thereof, and make findings. Embrey v Bowen, 849 F.2d 418, 421 (9th Cir. 1988). The rationale for giving a treating physician's opinion greater weight is that he is employed to cure and has a greater opportunity to know and observe the patient as an individual. Winans v. Bowen, 820 F.2d 1519, 1523 (9th Cir. 1987).

The ALJ only rejected Dr. Ash's opinion implicitly.[3] A remand is necessary for consideration of Dr. Ash's opinion and perhaps for development of the record concerning the basis of Dr. Ash's opinion.

Because of the above noted errors, it cannot be determined if the ALJ provided all limitations properly attributable to plaintiff in his hypothetical to the vocational expert. Moreover, it appears the ALJ did not include any limitations associated with plaintiffs' headaches, despite a finding of severity in this regard. Therefore, further consideration is necessary to determine if plaintiff's impairments prevent the job identified by the vocational expert. Because the ALJ relied on vocational expert testimony, a remand is also necessary to consider plaintiff's argument regarding Rule 201.15 of the medical-vocational guidelines once plaintiff turned 50 on November 5, 2002.

The decision whether to remand a case for additional evidence, or simply to award benefits is within the discretion of the court. Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987) (citing Stone v. Heckler, 761 F.2d 530 (9th Cir. 1985)). Remand is appropriate where further proceedings would be likely to clear up defects in the administrative proceedings, unless the new proceedings would simply serve to delay the receipt of benefits and are unlikely to add to the existing findings. McAllister v. Sullivan, 880 F.2d 1086 (9th Cir.

---

[3]The ALJ stated, "I give full credibility to all of [plaintiff's] treating physicians who found only minimal limitations. Tr. 25.

1989).

Where the Commissioner fails to provide adequate reasons for rejecting the opinion of a treating or examining physician, the court generally credits that opinion as a matter of law. Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995); Hammock v. Bowen, 879 F.2d 498, 502 (9th Cir.1989). In addition, where the ALJ improperly rejects a claimant's symptom testimony, and that testimony establishes disability, that testimony is credited as a matter of law. Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995). In this case, even accepting plaintiff's testimony and Dr. Ash's opinion as true, it is unclear if plaintiff would be entitled to benefits as the testimony and opinion do not provide clearly defined functional limitations.

## CONCLUSION

Pursuant to Sentence 4 of 42 U.S.C. § 405(g), the decision of the Commissioner is reversed and the case remanded for further proceedings.

DATED this 1st day of July, 2005.

*Michael C. Hogan*
UNITED STATES DISTRICT JUDGE

9 - ORDER